UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

SHANE RHOOMS,

                                  Plaintiff,

             -against-

CITY OF NEW YORK, ROBERT ORTLIEB, Individually,
ROBERT HENDERSON, Individually, JOSEPH SEMINARA,
Individually, DEVON FREED, Individually, and JOHN and
JANE DOE 1 through 10, Individually (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                  Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

11 CV 5910
(JG) (RER)

<u>Jury Trial Demanded</u>

Plaintiff SHANE RHOOMS, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

1.      Plaintiff bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

## <u>JURISDICTION</u>

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## <u>VENUE</u>

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff SHANE RHOOMS is a twenty-three year old man of Jamaican descent who resides in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants ROBERT ORTLIEB, ROBERT HENDERSON, JOSEPH SEMINARA, DEVON FREED, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On September 6, 2010, at approximately 12:00 a.m., plaintiff Shane Rhooms, together with his cousin, Alhue Gale, and some friends, arrived at Webster Hall, a Manhattan night club, located at 125 East 11th Street, New York, New York.

13.     Mr. Rhooms was continuously present in Webster Hall until approximately 5:00 a.m.

14.     Mr. Rhooms was in Webster Hall when, at approximately 12:40 a.m., defendant NYPD officers Seminara, Henderson, and Ortlieb allegedly engaged in a foot pursuit of an unknown individual in the vicinity 22 Lenox Road, Brooklyn, New York.  During this alleged foot pursuit, the unknown individual allegedly turned and fired several gunshots at defendants Seminara, Henderson, and Ortlieb.

15.     At approximately 5:00 a.m., in the NYPD's 67th precinct, defendant Seminara falsely identified Mr. Rhooms as the perpetrator of said shooting in a photo array.

16.     At approximately 4:15 p.m., Mr. Rhooms and his cousin, Alhue Gale, voluntarily went to the 67th precinct stationhouse, at the request of defendant NYPD officers who were purportedly investigating a fight which had occurred the prior evening.

17.     Once at the stationhouse, defendant officers, including but not limited to defendant FREED, imprisoned Mr. Rhooms in an interrogation room and interrogated him for an extended period of time.

18.     During the interrogation, defendant officers, including but not limited to defendant FREED, accused Mr. Rhooms of involvement in a shooting occurring earlier that day, on September 6, 2010 at approximately 12:40 a.m., in the vicinity of 222 Lenox Road, Brooklyn,

New York.

19.    Upon hearing that accusation, Mr. Rhooms repeatedly informed the defendant officers, including but not limited to defendant FREED, that he was not in Brooklyn on September 6, 2010 at approximately 12:40 a.m., and that he was in fact at Webster Hall, a Manhattan night club, with his cousin, Alhue Gale, as well as a number of other friends.

20.    Mr. Rhooms informed the officers, including but not limited to defendant FREED, that Alhue Gale had accompanied him to the precinct and would cooperate with their investigation.

21.    Mr. Rhooms informed the officers, including but not limited to defendant FREED, that there were numerous other witnesses who could verify his presence at Webster Hall at the time of the shooting.

22.    The defendant officers, including but not limited to defendant FREED, did not investigate Mr. Rhooms' legitimate and readily verifiable alibi.

23.    The defendant officers named herein conspired to identify Mr. Rhooms as the perpetrator of said shooting.

24.    On September 7, 2010, at approximately 12:45 a.m., the defendant officers ROBERT ORTLIEB, ROBERT HENDERSON, and JOSEPH SEMINARA, in furtherance of their conspiracy to identify Mr. Rhooms, negligently, recklessly, intentional, maliciously, and/or otherwise falsely identified Mr. Rhooms as the individual who fired gunshots at them on September 6, 2010.

25.    As a result of the defendants' wrongful conduct, Mr. Rhooms was imprisoned by the defendants until he was arraigned on false charges filed in Brooklyn Criminal Court under Docket No. 2010KN071284, based on the false statements of the defendant officers.

26.     The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against Mr. Rhooms for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

27.     Upon information and belief, the defendants intentionally, recklessly, negligently, and/or with deliberate disregard for Mr. Rhooms' rights, withheld proof of Mr. Rhooms' alibi from the Kings County District Attorney's Office.

28.     The malicious prosecution caused Mr. Rhooms to be indicted and incarcerated on Riker's Island.

29.     While incarcerated, Mr. Rhooms was subjected to deplorable and otherwise unsanitary conditions, and subjected to humiliating strip searches in the presence of other prisoners.

30.     On approximately September 24, 2010, Mr. Rhooms was released on his own recognizance after his attorney presented evidence of his innocence to the Kings County District Attorney's Office.   Said evidence included video surveillance footage from Webster Hall confirming that Mr. Rhooms was at Webster Hall on September 6, 2010 at the time of the shooting, as well as cell phone records that placed plaintiff in Manhattan at the time of the shooting.

31.     Notwithstanding the clear evidence of Mr. Rhooms' innocence, he was compelled to return to criminal court on further occasions until December 21, 2010, when all charges levied against him were dismissed and sealed in Kings County Criminal Court.

32.     The defendant officers either directly participated in and/or failed to intervene in the illegal conduct described herein.

33.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

34.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the ramifications of falsification.

35.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

36.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

37.     As a result of the foregoing, plaintiff SHANE RHOOMS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

6

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

38.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

40.    All of the aforementioned acts deprived plaintiff SHANE RHOOMS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

41.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

42.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

45.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.    Defendants arrested plaintiff SHANE RHOOMS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

47.    Defendants caused plaintiff SHANE RHOOMS to be falsely arrested and unlawfully imprisoned.

48.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

49.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Defendants issued criminal process against plaintiff SHANE RHOOMS by causing his arrest and prosecution in Kings County Criminal and Supreme Courts.

51.    Defendants caused plaintiff SHANE RHOOMS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious

8

abuse of process.

52.     As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHANE RHOOMS.

55.     Defendants caused plaintiff SHANE RHOOMS to be prosecuted without any probable cause until the charges were dismissed on or about December 21, 2010.

56.     As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

9

59.    As a result of the foregoing, plaintiff SHANE RHOOMS was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

60.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

61.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    The defendants falsely arrested and maliciously prosecuted plaintiff SHANE RHOOMS because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

63.    As a result of the foregoing, plaintiff SHANE RHOOMS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

64.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

65.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.    Defendants had an affirmative duty to intervene on behalf of plaintiff SHANE

10

RHOOMS, whose constitutional rights were being violated in their presence by other officers.

67.     The defendants failed to intervene to prevent the unlawful conduct described herein.

68.     As a result of the foregoing, plaintiff SHANE RHOOMS'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

69.     As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

72.     As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

11

paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

75.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included insufficiently training officers regarding the investigation of alibis, and regarding the ramification of falsification. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff SHANE RHOOMS'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

76.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SHANE RHOOMS.

77.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SHANE RHOOMS as alleged herein.

78.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SHANE RHOOMS as alleged herein.

79.    As a result of the foregoing customs, policies, usages, practices, procedures and

12

rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SHANE RHOOMS was unlawfully arrested, illegally searched and maliciously prosecuted.

80.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SHANE RHOOMS' constitutional rights.

81.     All of the foregoing acts by defendants deprived plaintiff SHANE RHOOMS of federally protected rights, including, but not limited to, the right:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from false arrest/unlawful imprisonment;

      C.      To be free from the failure to intervene;

      D.      To be free from malicious prosecution;

      E.      To be free from malicious abuse of process; and

      F.      To receive equal protection under law.

82.     As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

13

85.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

86.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

87.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

88.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.    Defendants arrested plaintiff SHANE RHOOMS without probable cause.

90.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

91.    As a result of the aforementioned conduct, plaintiff SHANE RHOOMS was unlawfully imprisoned in violation of the laws of the State of New York.

92.    As a result of the aforementioned conduct, plaintiff SHANE RHOOMS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

93.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

14

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

94.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.    As a result of the foregoing, plaintiff SHANE RHOOMS was placed in apprehension of imminent harmful and offensive bodily contact.

96.    As a result of defendant's conduct, plaintiff SHANE RHOOMS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

97.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

98.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.    Defendants made offensive contact with plaintiff SHANE RHOOMS without privilege or consent.

100.    As a result of defendants' conduct, plaintiff SHANE RHOOMS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

101.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to

15

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

102.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHANE RHOOMS.

104.    Defendants caused plaintiff SHANE RHOOMS to be prosecuted without probable cause until the charges were dismissed on or about December 21, 2010.

105.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

106.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Defendants issued criminal process against plaintiff SHANE RHOOMS by causing him to be arrested, arraigned and prosecuted in criminal court.

108.    Defendants caused plaintiff SHANE RHOOMS to be prosecuted in order to

16

obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

109.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

110.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

112.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

113.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

114.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff SHANE RHOOMS.

115.    As a result of the aforementioned conduct, plaintiff SHANE RHOOMS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

116.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to

17

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff SHANE RHOOMS.

119.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

120.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

121.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

participated in the arrest and prosecution of plaintiff SHANE RHOOMS.

123. As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

124. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

126. As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

127. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128. Defendant CITY OF NEW YORK is vicariously liable for the acts of its

19

employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

129.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

130.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.    As a result of defendants' conduct, plaintiff SHANE RHOOMS was deprived of his right to equal protection of laws.

132.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

133.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.    As a result of defendants' conduct, plaintiff SHANE RHOOMS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

20

135.    As a result of the foregoing, plaintiff SHANE RHOOMS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff SHANE RHOOMS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
June 14, 2012

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff SHANE RHOOMS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SHANE RHOOMS,

         Plaintiff,

   -against-

CITY OF NEW YORK, ROBERT ORTLIEB, Individually,
ROBERT HENDERSON, Individually, JOSEPH SEMINARA,
Individually, DEVON FREED, Individually, and JOHN and
JANE DOE 1 through 10, Individually (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

         Defendants.

--------------------------------------------------------------------------------X

11 CV 5910
(JG) (RER)


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100