| **UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK**<br>-------------------------------------------------------X<br>SHANE RHOOMS,<br><br>                    Plaintiff,<br><br>  -against-<br><br>CITY OF NEW YORK, *et al.*,<br><br>                    Defendants.<br>-------------------------------------------------------X<br>-------------------------------------------------------X<br>SHANE RHOOMS,<br><br>                    Plaintiff,<br><br>  -against-<br><br>MICHAEL ENRIGHT, *et al.*,<br><br>                    Defendants.<br>-------------------------------------------------------X | *NOT FOR PUBLICATION*<br><br><br><br><br>11–CV–5910 (PKC) (RER)<br><br><br><br><br>**SUMMARY ORDER**<br><br><br><br><br>13-CV-5006 (PKC) (RER) |
|---|---|

**RAMON E. REYES, JR., U.S.M.J.:**

      These are consolidated actions for false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983. (11-CV-5910 Dkt. No. 1; 13–CV–5006 Dkt. No. 1). Before the Court is plaintiff Shane Rhoom's ("Plaintiff" or "Rhooms") motion to unseal certain portions of the grand jury minutes of the underlying criminal case. (Dkt. No. 42).[1] Defendants and non-party Kings County District Attorney's Office ("KCDA") oppose the motion. (Dkt. Nos. 50, 50-2). This issue has been discussed at length at least two conferences, and the parties have submitted legal briefs and affidavits in support of their respective positions. Familiarity with the facts of the case

---

[1] For the sake of brevity I will refer to the filings in 11-CV-5910.

and the parties' respective arguments is assumed. For the reasons which follow, the motion is granted.[2]

In evaluating applications to unseal grand jury minutes, federal courts have required that a plaintiff demonstrate a "particularized need" for the unsealing. *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 230 (1979); *Myers v. Phillips*, No. 04 CV 4365(ERK)(RML), 2007 WL 2276388, *2 (E.D.N.Y. Aug. 7, 2007); *Frederick v. New York City*, No. 11 Civ. 469(JPO), 2012 WL 4947806, at *7 (S.D.N.Y. Oct. 11, 2012). To demonstrate a particularized need, the plaintiff must show "that (a) the material sought is needed to avoid a possible injustice, (b) the need for disclosure is greater than the need for secrecy, and (c) the request is structured to cover only material so needed." *Cullen v. Margiotta*, 811 F.2d 698,715 (2d Cir. 1987). Rhooms has met his burden.

First, given the nature of his claims and the record he has submitted to this Court, Rhooms has shown a need for the requested materials to avoid a possible injustice. Rhooms seeks the minutes to establish misconduct before the grand jury and thereby rebut the presumption of probable cause for arrest created by the indictment, to impeach the credibility of

---

[2] Relying on *Harewood v. Braithwaite*, No. 09-CV-2874 (PKC)(RML), 2013 WL 3863905 (E.D.N.Y. July 23, 2013), KCDA argues that Rhooms must first have sought the instant relief from the state court that supervised the grand jury proceeding. (Dkt. No. 50-1 at 3-4.) While it is true that comity and past practice may counsel toward the state court resolving such matters in the first instance, that does not mean such a course of action is efficient, let alone required. This Court retains the power, indeed the obligation, to order the disclosure of the grand jury minutes if warranted, regardless of the decision of the state court. Moreover, this Court is in a better position to assess the need for disclosure given its involvement in these proceedings for the past two years. This Court can also take into account policy concerns of the state, which are not much different, if different at all, than the policy concerns behind the secrecy of federal grand jury proceedings. Notably, this Court recently met as a group with our colleagues from the state bench of Kings County where this very issue was discussed. Overwhelmingly, if not unanimously, the state bench expressed its agreement that this Court first address such motions.

the defendant officers, and to refresh their recollections. These reasons are sufficient to establish a particularized need for disclosure. *Vasquez v. City of New York*, No. 10 Civ. 6277(JMF), 2013 WL 2449181, *1 (S.D.N.Y. June 6, 2013) (minutes unsealed where plaintiff argued police engaged in witness tampering); *Waterman v. City of New York*, No. 96 Civ. 1471(AGS)(RLE), 1998 WL 23219, *2 (S.D.N.Y. Jan. 13, 1998) (recognizing that impeachment can be sufficient to establish particularized need). Further, Rhooms has demonstrated that he cannot obtain the relevant information without unsealing of the minutes as the officers testified at deposition that they cannot remember the specifics of their grand jury testimony, or if they even testified. *Frederick*, 2012 WL 4947806, at *9 (plaintiff alleging wrongful prosecution demonstrates need for grand jury minutes "where witnesses [cannot] accurately recall their testimony").

Rhooms has also demonstrated that the need for disclosure is greater than the need for continued secrecy. For sure, the important policy of grand jury secrecy weighs heavily against any request to unseal grand jury records. *Id.* at *12 (citing *Rehberg v. Paulk*, 132 S.Ct. 1497, 1509 (2012)). But where the underlying trial never occurred and the target of the grand jury investigation is suing for false arrest and malicious prosecution, the only policy concern motivating secrecy is "a desire to '[t]o encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes.'" *Id.* at *13 (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 n. 6 (1958)). This interest standing alone is almost never sufficient to overcome the need to avoid a possible injustice, especially where the disclosure sought is of testimony of law enforcement officers. It cannot seriously be argued that

law enforcement officers would shy away from giving truthful testimony to a grand jury just because their prior grand jury testimony had been disclosed in a civil rights case. *E.g., Palmer v. Estate of Stuart*, No. 02 Civ. 4076, 2004 WL 2429806, *5 (S.D.N.Y. Nov. 1, 2004) ("interest in secrecy is at its lowest given that testifying before grand juries is part of their regular job duties as public servants."); *Bartels v. Dale*, 532 F. Supp. 973, 976 (S.D.N.Y. 1982) ("A Government agent is not likely to be inhibited by a subsequent disclosure in the sense that a businessman, victim of extortion or racketeering who testifies to a grand jury might be.).

Finally, Rhooms request is structured to cover only the material he needs – the grand jury testimony of the defendant officers – rather than the entire grand jury minutes.

I have carefully considered defendants' arguments against disclosure, and find them to be unconvincing. In these circumstances, I also find *in camera* review prior to disclosure to be unwarranted, and only a cause of undue delay.

Accordingly, the grand jury testimony of the defendant officers is unsealed. Defendants are to make arrangements with KCDA to have the minutes produced to Rhooms' counsel within ten business days of the date of this Order.

**SO ORDERED**

Dated: September 4, 2014
       Brooklyn, New York

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**