Index No. 11-CV-5910 (PKC)(RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHANE RHOOMS,

Plaintiff,

-against-

CITY OF NEW YORK, ROBERT ORTLIEB,
Individually, ROBERT HENDERSON, Individually,
JOSEPH SEMINARA, Individually, DEVON FREED,
Individually, and JOHN DOE 1,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Kimberly M. Joyce*
*Tel:  (212) 356-2650*
*Matter #:*

# TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................ iii

PRELIMINARY STATEMENT ............................................................................ 1

STATEMENT OF FACTS .................................................................................... 2

STANDARD OF REVIEW .................................................................................... 4

ARGUMENT ............................................................................................................ 5

POINT I

THERE WAS PROBABLE CAUSE TO ARREST
PLAINTIFF ................................................................................................ 5

POINT II

DEFENDANTS SHOULD BE GRANTED
SUMMARY JUDGMENT ON PLAINTIFF'S
FEDERAL AND STATE MALICIOUS
PROSECUTION CLAIMS ................................................................... 10

A.  Defendant Freed Did Not Initiate or Continue a
Criminal Proceeding Against Plaintiff ................................. 11

B.  There was Probable Cause for the Criminal
Prosecution Against Plaintiff. ............................................. 12

C.  Plaintiff Cannot Show That Defendants Acted
with Actual Malice .............................................................. 15

D.  Plaintiff's Claims With Regard to Defendants'
Grand Jury Testimony Fail As A Matter of
Law. ..................................................................................... 15

POINT III

PLAINTIFF'S CLAIM FOR DENIAL OF THE
RIGHT TO A FAIR TRIAL SHOULD BE
DISMISSED AGAINST ALL DEFENDANTS ...................................... 16

A.  Plaintiff has no claim under Brady. ................................. 129

**Page**

POINT IV

    PLAINTIFF CANNOT ESTABLISH A FAILURE
    TO INTERVENE CLAIM AGAINST ANY
    INDIVIDUAL DEFENDANT ................................................................. 20

POINT V

    DEFENDANTS ARE ENTITLED TO
    QUALIFIED IMMUNITY ....................................................................... 21

POINT VI

    Plaintiff's CLAIMS AGAINST JOHN DOE 1
    SHOULD BE DISMISSED ..................................................................... 22

POINT VII

    Plaintiff's state law claims SHOULD BE
    DISMISSED UNDER NEW YORK LAW ............................................... 23

    CONCLUSION ................................................................................... 24

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                          <u>Pages</u>

Alcantara v. City of New York,
   646 F. Supp. 2d 449 (S.D.N.Y. June 23, 2009) ..................................................................... 11

Alfaro Motors, Inc. v. Ward,
   814 F.2d 883 (2d Cir. 1987) ........................................................................................... 9

Alvarado v. City of New York,
   453 Fed. App'x 56 (2d Cir. 2011) ............................................................................. 8

Ambrose v. City of New York,
   623 F. Supp. 2d 454 (S.D.N.Y. Mar. 31, 2009)..................................................... 19

Anderson v. Branen,
   17 F.3d 552 (2d Cir. 1994) ........................................................................................... 21

Astra Media Group, LLC v. Clear Channel Taxi Media, LLC,
   414 F. App'x 334 (2d Cir. 2011) ........................................................................... 24

Bernard v. United States,
   25 F.3d 98 (2d Cir. 1994) ................................................................................... 6, 14

Bradway v. Gonzales,
   26 F.3d 313 (2d Cir. 1994) ....................................................................................... 21

Brady v. Maryland,
   373 U.S. 83 (1963)........................................................................................................ 19

Briscoe v. LaHue,
   460 U.S. 325 (1983)..................................................................................................... 17

Brown v. City of New York,
   No. 14-CV-5372 (BMC), 2014 U.S. Dist. LEXIS 181736 (E.D.N.Y. Dec. 23, 2014) ...... 17, 18

Bryant v. Maffucci,
   923 F.2d 979 (2d Cir. 1991) ..................................................................................... 14

Campbell v. Giuliani,
   No. 99-CV-2603 (JG), 2001 U.S. Dist. LEXIS 609
   (E.D.N.Y. Jan. 24, 2001) ..................................................................................... 6, 13

Celestin v. City of New York,
   581 F. Supp. 2d 420 (E.D.N.Y. 2008) ...................................................................... 7

Cerbelli v. City of New York,
   2008 U.S. Dist. LEXIS 109341 (E.D.N.Y. Sept. 8, 2008) .................................... 23

iii

| **Cases** | **Pages** |
|---|---|

Cifarelli v. Village of Babylon,
    93 F.3d 47 (2d Cir. 1996) ............................................................................... 4

Coggins v. Buonora,
    No. 13-CV-4635, 2015 U.S. App. LEXIS 487
    (2d Cir. Jan. 13, 2015) ................................................................................. 16

Colon v. New York,
    468 N.Y.S.2d 453 (1983) .......................................................................... 7, 14

Connecticut ex rel. Blumenthal v. Crotty,
    346 F.3d 84 (2d Cir. 2003) ........................................................................... 22

Crawford v. City of New York,
    2012 U.S. App. LEXIS 8444 (2d Cir. 2012) ................................................ 13

Cunningham v. City of New York,
    2007 U.S. Dist. LEXIS 69801 (S.D.N.Y. Sept. 18. 2007) ............................ 10

Curley v. Village of Suffern,
    268 F. 3d 65 (2d Cir. 2001) .......................................................................... 20

Daughtry v. City of New York,
    2015 U.S. Dist. LEXIS 68627 (E.D.N.Y. Feb. 23, 2015) ........................... 7, 8

Dickerson v. Napolitano,
    604 F.3d 732 (2d Cir. 2010) ......................................................................... 12

Doyle v. Coombe,
    No. 97-2680, 1998 U.S. App. LEXIS 20261 (2d Cir. June 12, 1998) ............ 9

Dukes v. City of New York,
    879 F. Supp. 335 (S.D.N.Y. 1995) ............................................................... 12

Fappiano v. City of New York,
    No. 01-CV-2476 (SLT), 2014 U.S. Dist. LEXIS 179584 (E.D.N.Y. Jan. 7, 2015) ............... 18

Farid v. Ellen,
    593 F.3d 233, 249 (2d Cir. 2010) ................................................................... 9

Farrell v. Burke,
    449 F.3d 470 (2d Cir. 2006) ........................................................................... 9

Franks v. City of New York,
    2015 U.S. Dist. LEXIS 66004 (E.D.N.Y. May 20, 2015) .............................. 7

**Cases**                                                                                              **Pages**

Franks v. City of New York,
  2015 U.S. Dist. LEXIS 104640 (E.D.N.Y. Aug. 10, 2015).......................................... 8

Gabai v. Jacoby,
  800 F. Supp. 1149 (S.D.N.Y. Aug. 6, 1992)............................................................. 5

Gaston v. Coughlin,
  249 F.3d 156 (2d Cir. 2001) ............................................................................... 10

Girden v. Sandals Int'l,
  262 F.3d 195 (2d Cir. 2001) ............................................................................... 24

Glassman v. City of New York,
  No. 10 Civ. 2468 (SHS), 2013 U.S. Dist. LEXIS 1170 (S.D.N.Y. Jan 3, 2013)..................... 20

Green v. Montgomery,
  219 F.3d 52 (2d Cir. 2000) ................................................................................. 14

Guzman v. United States,
  2013 U.S. Dist. LEXIS 131684 (S.D.N.Y. Feb. 14, 2013).......................................... 11

Hewitt v. City of New York,
  No. 2009-CV-0214 (RJD) (MDG), 2011 U.S. Dist. LEXIS 11479
  (E.D.N.Y. Feb. 7, 2011)...................................................................................... 21

Hewitt v. City of New York,
  2012 U.S. Dist. LEXIS 141067 (E.D.N.Y. Sept. 27, 2012), aff'd, 544 F.  App'x 24
  (2d Cir. 2013)................................................................................................... 7

Horvath v. City of New York,
  No. 12-CV-6005 (RJD) (JMA), 2015 U.S. Dist. LEXIS 51029 (E.D.N.Y. Apr. 17,
  2015) ...................................................................................................... 17, 18

Jaramillo v. Weyerhaeuser Co.,
  536 F.3d 140 (2d Cir. 2008) ................................................................................. 5

Jermosen v. Coughlin,
  877 F. Supp. 864 (S.D.N.Y. Mar. 3, 1995)............................................................... 5

Jocks v. Tavernier,
  316 F.3d 128 (2d Cir. 2003) ............................................................................... 17

Jones v. City of New York,
  2013 U.S. Dist. LEXIS 162235 (E.D.N.Y. Nov. 14, 2013).......................................... 17

**Cases**                                                                                          **Pages**

Jovanovic v. City of New York,
   No. 10-CV-4398, (2d Cir. June 20, 2012) (Summary Order)........................................... 16, 17

Kijak v. Columbia Presbyterian Hosp.,
   No. 11 Civ. 6076 (NRB), 2013 U.S. Dist. LEXIS 134965 (S.D.N.Y. Sept. 20, 2013) .......... 23

Kinsella v. Rumsfeld,
   320 F.3d 309 (2d Cir. 2003) ......................................................................................4

Lauer v. City of New York,
   711 N.Y.S.2d 112 (2000).........................................................................................23

Lennon v. Miller,
   66 F.3d 416 (2d Cir. 1995) ................................................................................21, 22

Lowth v. Town of Cheektowaga,
   82 F.3d 563 (2d Cir. 1996) ....................................................................................13

Manganiello v. City of New York,
   612 F.3d 149 (2d Cir. 2010) .....................................................................................7

Martin v. City of Albany,
   42 N.Y.2d 13 (1977)...............................................................................................15

Martinez v. Simonetti,
   202 F.3d 625 (2d Cir. 2000) ...............................................................................6, 13

Massey v. Starbucks Corp.,
   No. 03 Civ. 7279 (SAS), 2004 U.S. Dist. LEXIS 12993 (S.D.N.Y. July 12, 2004) ...............23

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.
   475 U.S. 574 (1986)...................................................................................................4

McClellan v. Smith,
   439 F.3d 137 (2d Cir. 2006) ................................................................................5, 14

McLaurin v. New Rochelle Police Officers,
   379 F. Supp. 2d 475 (S.D.N.Y. 2005) ..................................................................6, 13

Mejia v. City of New York,
   119 F. Supp. 2d 232 (E.D.N.Y. 2000) ....................................................................12

Miloslavsky v. AES Eng'g Soc'y, Inc.,
   808 F. Supp. 351 (S.D.N.Y. 1992) .........................................................................13

**Cases**                                                                                                                            **Pages**

Mon v. City of New York,
  574 N.Y.S.2d 529 (N.Y. 1991) ...............................................................................23

Moore v. City of New York,
  2015 U.S. Dist. LEXIS 31994 (E.D.N.Y. Mar. 16, 2015)...........................................7

Moorehead v. City of New York,
  11-CV-3294 (SLT)(SMG) (Dkt. 52) (E.D.N.Y. Dec. 2, 2013) ...................................8

Nolasco v. City of New York,
  131 A.D.3d 683 (N.Y. App. Div. 2d Dep't 2015) .......................................................6

Norwood v. Mason,
  524 Fed. Appx. 762 (2d Cir. 2013)...........................................................................7

Obilo v. City Univ. of N.Y,
  01-CV-5118 (DGT), 2003 U.S. Dist. LEXIS 2886 (E.D.N.Y. Feb. 28, 2003) .........12

Panetta v. Crowley,
  460 F.3d 388 (2d Cir. 2006) ..............................................................................6, 13

People v. Radcliffe,
  23 A.D.3d 301, 808 N.Y.S.2d 22 (1st Dep't 2005) ....................................................7

Pierson v. Ray,
  386 U.S. 547 (1967)..................................................................................................6

Pitchell v. Callan,
  13 F.3d 545 (2d Cir. 1994) .....................................................................................24

Pizarro v. City of New York,
  2015 U.S. Dist. LEXIS 131471 (E.D.N.Y. Sept. 29, 2015) ...............................19, 20

Posr v. Doherty,
  944 F.2d 91 (2d Cir. 1991) .....................................................................................10

Provost v. City of Newburgh,
  262 F.3d 146 (2d Cir. 2001) ...................................................................................10

Rehberg v. Paulk,
  ___ U.S. ___, 132 S. Ct. 1497, 1505-10 (2012) ........................................15, 16, 17

Ricciuti v. N.Y.C. Transit Auth.,
  124 F.3d 123 (2d Cir. 1997) ...................................................................................17

**Cases**                                                                                             **Pages**

Rodriguez v. City of New York,
  No. 08-CV-04173 (RRM) (RLM), 2012 U.S. Dist. LEXIS 43005 (E.D.N.Y. Mar. 28, 2012).20

Rohman v. New York City Transit Auth.,
  215 F.3d 208 (2d Cir. 2000) ...................................................................................................11

Rothstein v. Carriere,
  373 F.3d 275 (2d Cir. 2004) ..................................................................................................13

Rounseville v. Zahl,
  13 F.3d 625 (2d Cir. 1994) ....................................................................................................15

Savino v. City of New York,
  331 F.3d 63 (2d Cir. 2003) ...............................................................................................6, 14

Sealey v. Giltner,
  116 F.3d 47 (2d Cir. 1997) ......................................................................................................9

Selinger v. City of New York,
  No. 08 Civ. 2096 (RMB), 2010 U.S. Dist. LEXIS 119700, (S.D.N.Y. Nov. 5, 2010),
  aff'd, No. 10-4955-cv, 2011 U.S. App. LEXIS 25736 (2d Cir. Dec. 23, 2011).......................14

Singer v. Fulton County Sheriff,
  63 F.3d 110 (2d. Cir. 1995) ...........................................................................................5, 6, 10

Smith v. City of New York,
  2010 U.S. Dist. LEXIS 88774 (S.D.N.Y. Aug. 27, 2010)..................................................11, 12

Strickler v. Greene,
  527 U.S. 263 (1999)...............................................................................................................19

Sulkowska v. City of New York,
  129 F. Supp. 2d 274 (S.D.N.Y. 2001).......................................................................................15

Thomas v. Roach,
  165 F.3d 137 (2d Cir. 1999) ..................................................................................................21

Walker v. New York,
  974 F.2d 293 (2d Cir. 1992) ..................................................................................................19

Weyant v. Okst,
  101 F.3d 845 (2d Cir. 1996) ....................................................................................................6

Wieder v. City of New York,
  2013 U.S. Dist. LEXIS 60890 (E.D.N.Y. Apr. 29, 2013) ..........................................................8

**Cases**                                                                                                      **Pages**

Williams v. City of New York,
    No. 07-CV-5362 (NG)(VVP) (E.D.N.Y. Oct. 18, 2012)..........................................................7

Williams v. Smith,
    781 F.2d 319 (2d Cir. 1985) ..............................................................................5, 9

Williams v. Young,
    769 F. Supp. 2d 594 (S.D.N.Y. 2011) ....................................................................9

Wray v. City of New York,
    490 F.3d 189 (2d Cir. 2007) ................................................................................8

Zahrey v. Coffey,
    221 F.3d 342 (2d Cir. 2000) ..............................................................................18

Zellner v. Summerlin,
    494 F.3d 344 (2d Cir. 2007) ..........................................................................21, 22

**Statutes**

42 U.S.C. §1983.................................................................................................................1

Fed. R. Civ. P. 56 (a) ........................................................................................................4

Fed. R. Civ. P. 56 (c) ........................................................................................................1

Local Civil Rule 56.1 ........................................................................................................2

**<u>Statutes</u>**                                                                                                          **<u>Pages</u>**

N.Y. Penal Law §110/125.27................................................................................................4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

SHANE RHOOMS,

                                    Plaintiff,
                                                            11-CV-5910 (PKC)(RER)

                -against-

CITY OF NEW YORK, ROBERT ORTLIEB,
Individually, ROBERT HENDERSON, Individually,
JOSEPH SEMINARA, Individually, DEVON FREED,
Individually, and JOHN DOE 1,

                                    Defendants.

----------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

       Defendants City of New York, Devon Freed, Joseph Seminara, Robert Henderson, and Robert Ortlieb, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in support of their motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

       Shane Rhooms brings this action alleging various violations of his federal and state constitutional rights.  Plaintiff alleges federal claims under 42 U.S.C.§ 1983 for false arrest and false imprisonment, malicious prosecution, denial of right to a fair trial due to fabrication of evidence, and failure to intervene, and related state law claims for false arrest, battery, malicious prosecution, and respondeat superior against the City of New York.  (See 56.1 ¶ 1)  Defendants now move for summary judgment pursuant to Rule 56 on all of Plaintiff's claims.

Defendants are entitled to summary judgment for the following reasons: (1) The undisputed facts show that there was probable cause to arrest Plaintiff; (2) there was also probable cause to initiate and sustain the prosecution of plaintiff due to the presumption of probable cause created by the grand jury indictment; (3) defendants should be granted qualified immunity with respect to plaintiff's claims; (4) plaintiff fails to state a claim for denial of right to a fair trial; (5) plaintiff fails to state a claim for failure to intervene; (6) plaintiff's state law claims fail as a matter of law, and the Court should decline to exercise supplemental jurisdiction, and (7) John Doe 1 should be dismissed as a defendant.

## STATEMENT OF FACTS

For a complete statement of the relevant and undisputed facts, the Court is respectfully referred to Defendants' Statement Pursuant to Rule 56.1, dated November 3, 2015, ("56.1") submitted concurrently herewith.

Plaintiff was arrested on September 6, 2010, in connection with a shooting at NYPD Lieutenant Robert Ortlieb, Lieutenant Robert Henderson, and Sergeant Joseph Seminara, at about 12:40 a.m., at 222 Lenox Road, Brooklyn, NY.  (See 56.1 ¶ 43.)  For a summary of the shooting incident leading to Plaintiff's arrest See 56.1 ¶¶ 3-15.  After the shooting an investigation quickly commenced.  (See 56.1 ¶¶ 12, 13, 14.)  1st Grade Det. Devon Freed was assigned as lead investigator.  (See 56.1 ¶ 2.)  Det. Freed, and many other NYPD investigators, started an investigation into the identity of the shooter, which included, but was not limited to, speaking to 911 callers, canvasing the building of 222 Lenox for witnesses or suspects, canvasing the surrounding locations for vehicle information, speaking to witnesses who heard shots or were in the vicinity of the shooting incident, and conducting computer checks.  (See 56.1 ¶ 14.)  The investigation led to the name Shane, provided by a resident of 222 Lenox, named Jason Brown.  (See 56.1 ¶¶ 24, 25, 29.)  The name Shane led the investigators to conduct computer checks, which informed them that

a Shane Rhooms had been arrested on July 3, 2010, at 210 Lenox Road, near the location of the shooting.  (See 56.1 ¶ 26.)  Jason Brown confirmed that a photograph of Shane Rhooms was the individual he knew to be Shane.  (See 56.1 ¶ 29.)  The Plaintiff's photograph was put into a photo array, and Sergeant Seminara positively identified the Plaintiff as the individual who had shot at himself, Lt. Ortlieb, and Lt. Henderson.  (See 56.1 ¶ 39, 40.)

　　　　For the purpose of this motion only, taking the evidence in the light most favorable to the non-moving party Plaintiff, Defendants will adopt as true the allegations that non-party witness Trevor Perez was coerced into signing a written statement, on a photograph of the Plaintiff, saying he saw Plaintiff running from the cops with a gun, because, according to him, the officers told him they already knew that plaintiff was involved.  (See 56.1 ¶¶ 30-37.)  According to Mr. Perez, this was not true, and he told the detectives that it was not true.  (See 56.1 ¶ 31.)  Mr. Perez knew the Plaintiff.  (See 56.1 ¶ 33, 34.)  He had known the Plaintiff as someone who came to the building, 222 Lenox, for many years.  (See 56.1 ¶ 34.)  Mr. Perez had seen plaintiff earlier in the day before the shooting near Lenox.  (See 56.1 ¶ 35.)

　　　　After the Plaintiff was identified as the shooter a wanted poster was prepared, and apprehension efforts began.  (See 56.1 ¶ 41.)  Plaintiff's mother called him to inform him that the police were looking for him.  (See 56.1 ¶ 46.)  Even though Plaintiff knew the police were looking for him, he did not surrender himself to the precinct until 6:00 p.m. on September 6, 2010.  (See 56.1 ¶ 42.)  After Plaintiff arrived at the precinct he was read his Miranda Warnings, and provided an oral and written statement, giving an alibi, stating that he was at Webster Hall in Manhattan with his cousin, and friends, at the time of the shooting.  (See 56.1 ¶ 44, 45.)  Plaintiff was subsequently arrested.  (See 56.1 ¶ 43.)

　　　　On September 7, 2010, the Plaintiff was positively identified in three separate lineups by Lt. Henderson, Lt. Ortlieb, and Sgt. Seminara.  (See 56.1 ¶ 47.)  Plaintiff was asked what

position he wanted in the linup and he said he wanted number 3.  (See 56.1 ¶ 48.)  On September 7, 2010, a criminal court complaint was signed by a paralegal with the DA's office, based upon information provided by complainant Robert Ortlieb. (See 56.1 ¶ 49.)  After the lineups Plaintiff was arraigned, and held on Rikers Island, until he was released on his own recognizance on September 24, 2010.  (See 56.1 ¶ 57.)  During that time, a Grand Jury was convened, at which Det. Freed testified on September 8, 2010, and Sgt. Seminara, and Lt. Henderson testified on September 10, 2010.  (See 56.1 ¶ 50-53.)  Plaintiff was Indicted on September 10, 2010 for twenty counts, including three top counts of attempted murder in the first degree, C.P.L. § 110/125.27.  (See 56.1 ¶ 50.)  Following Plaintiff's Indictment, Det. Freed, in conjunction with the Kings County District Attorney's Office, obtained surveillance video from Webster Hall.  (See 56.1 ¶ 54-56.)  A meeting was held with Det. Freed, ADA Lewis Lieberman, the Plaintiff's cousin, and the Plaintiff's defense attorney, Sam Gregory, to view the video.  (See 56.1 ¶ 55.)  Shortly after this meeting the Plaintiff was released from Rikers.  (See 56.1 ¶ 57.)  The charges were ultimately dismissed against Plaintiff on December 21, 2010.  (See 56.1 ¶ 58.)

## STANDARD OF REVIEW

A court must grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (a).  Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-movant, presents no genuine issue of material fact.  Id.; Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).  A material fact is one that might affect the outcome of a suit under governing law.  Kinsella v. Rumsfeld, 320 F.3d 309, 311 (2d Cir. 2003).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In a motion for summary judgment, the moving party can show that no genuine issue of material fact exists by "setting forth specific facts denying [plaintiff's] claims." Jermosen v. Coughlin, 877 F. Supp. 864, 867 (S.D.N.Y. Mar. 3, 1995) (citing Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)). The moving party may also prevail "by pointing out that there is an absence of evidence to support the non-moving party's case." Jermosen, 877 F. Supp. at 867 (quoting Gabai v. Jacoby, 800 F. Supp. 1149, 1153 (S.D.N.Y. Aug. 6, 1992)). In order to avoid summary judgment, the non-moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial. Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008) (internal citations omitted). Evidence which is merely "colorable, conclusory, speculative or not significantly probative" is insufficient to withstand a summary judgment motion. Gabai, 800 F. Supp. at 1153 (S.D.N.Y. Aug. 6, 1992). Similarly, "[t]he nonmoving party cannot defeat summary judgment by 'simply showing that there is some metaphysical doubt as to the material facts'. . . or by a factual argument based on 'conjecture or surmise.'" McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006) (internal citations omitted).

In this case, summary judgment is warranted because plaintiff cannot show that there are genuine issues for trial. Defendants therefore respectfully request that summary judgment be granted in their favor.

## ARGUMENT

## POINT I

### THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF

Defendants are entitled to summary judgment on plaintiff's state and federal claims for false arrest and false imprisonment because plaintiff's arrest was supported by probable cause. The elements of a claim of false arrest under § 1983 "are substantially the same as the elements of a false arrest claim under New York law." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir.

1995).  Under New York law, the elements of a false arrest claim are, and the plaintiff must prove

that: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the

confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not

otherwise privileged."  Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (quoting

Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)); Singer v. Fulton County Sheriff, 63 F.3d

110, 118 (2d Cir. 1995).

      "The existence of probable cause to arrest constitutes justification and 'is a complete

defense to an action for false arrest.'"  Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (quoting

Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)).  The existence of probable cause defeats

a claim for false arrest even if any arrestee is ultimately revealed to be innocent.  Pierson v. Ray,

386 U.S. 547, 555 (1967).  The police have probable cause to arrest if they receive "information

from some person, normally the putative victim or eyewitness."  Panetta v. Crowley, 460 F.3d 388,

395 (2d Cir. 2006) (quoting Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000)); McLaurin v.

New Rochelle Police Officers, 379 F. Supp. 2d 475, 477-78 (S.D.N.Y. 2005).  "Indeed, as sources

of information go, crime victims are among the most reliable; they usually can provide a first-hand

non-hearsay account of the criminal activity."  Campbell v. Giuliani, No. 99-CV-2603 (JG), 2001

U.S. Dist. LEXIS 609, at *9 (E.D.N.Y. Jan. 24, 2001).  "Once officers possess facts sufficient to

establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury.

Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt

through a weighing of the evidence."  Panetta v. Crowley, 460 F.3d 388, 396 (2d Cir. 2006).

Further, an arrest doesn't need to be supported by information that "excludes all possibility of

innocence and points to the defendant's guilt beyond a reasonable doubt…As the very name

suggests, probable cause depends upon probabilities, not certainty."  Nolasco v. City of New York,

131 A.D.3d 683, 685 (N.Y. App. Div. 2d Dep't 2015.)

The instant matter is an archetypal complaining victim case – three on duty police officers were shot at.  Sgt. Seminara identified the plaintiff in a photo array, and Seminara, Ortlieb, and Henderson identified plaintiff in three separate lineups.   Those identifications provided sufficient probable cause to arrest plaintiff, despite the fact that plaintiff provided an alibi. "A positive photo identification by an eyewitness is normally sufficient to establish probable cause to arrest." Celestin v. City of New York, 581 F. Supp. 2d 420, 431 (E.D.N.Y. 2008); Franks v. City of New York, 2015 U.S. Dist. LEXIS 66004, 7-8 (E.D.N.Y. May 20, 2015); Daughtry v. City of New York, 2015 U.S. Dist. LEXIS 68627, 8-9 (E.D.N.Y. Feb. 23, 2015).  This is true even when the identification may not be 100% reliable.  See Norwood v. Mason, 524 Fed. Appx. 762, 765 (2d Cir. 2013); People v. Radcliffe, 23 A.D.3d 301, 808 N.Y.S.2d 22, 23 (1st Dep't 2005) (holding that photo identification established probable cause for defendant's arrest, despite challenge to reliability of identification); see Moore v. City of New York, 2015 U.S. Dist. LEXIS 31994 (E.D.N.Y. Mar. 16, 2015) (finding sufficient probable cause from a photo array identification where the witness recognized the eyes.)

Further, a mistake or misidentification of Plaintiff as the shooter does not undermine probable cause.  See Colon v. City of New York, 60 N.Y.2d 78, 82, 455 N.E.2d 1248, 468 N.Y.S.2d 453 (N.Y. 1983).   When assessing probable cause, officers are entitled to reasonably rely on identifications which later turn out to be mistaken.  See Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010);  Hewitt v. City of New York, 2012 U.S. Dist. LEXIS 141067, 13-14 (E.D.N.Y. Sept. 27, 2012), aff'd, 544 F.  App'x 24 (2d Cir. 2013) ("misidentification do not undermine probable cause.")   Plaintiff cannot show that simply by having an alibi, that the identifications by Seminara, Ortlieb, and Henderson were anything other than mistaken identifications, which does not undermine probable cause. See Williams v. City of New York, No. 07-CV-5362 (NG) (VVP) (E.D.N.Y. Oct. 18, 2012) ("All that plaintiff does is assume the officers

lied because he states that he did not deal in drugs.  This bare assumption is insufficient to withstand a motion for summary judgment.")  Additionally, gaps in the continuity of observation does not render identifications unreasonable, or undermine the probable cause to arrest.  See Franks v. City of New York, et al., 2015 U.S. Dist. LEXIS 104640, *9-10 (E.D.N.Y. Aug. 10, 2015).

To the extent Plaintiff argues that there was not probable cause to arrest Plaintiff because he provided an alibi that was compelling and readily verifiable (See Compl, Exh. A, ¶ 49) such claim is without merit.  Failure to review or obtain surveillance video, that an individual claims exonerates them, does not vitiate probable cause, and officers have no obligation to do so. See Wieder v. City of New York, 2013 U.S. Dist. LEXIS 60890 (E.D.N.Y. Apr. 29, 2013); Moorehead v. City of New York, 11-CV-3294 (SLT)(SMG) (Dkt. 52) (E.D.N.Y. Dec. 2, 2013). The law imposes no duty to investigate potentially exculpatory stories, such as investigating alibi witnesses, viewing security footage, or corroborating receipts or cell phone records.  See Daughtry v. City of New York, et al., 12-CV-2655 (NGG) (RER) (Dkt. 48) (E.D.N.Y. Feb. 23, 2015); Alvarado v. City of New York, 453 Fed. App'x 56, 58 (2d Cir. 2011) (finding that, once probable cause was established, detective had no obligation to refrain from making the arrest, nor investigate a potentially exculpatory story).

Finally, to the extent Plaintiff argues in his complaint that the identification procedures were "sham" procedures, Courts have held that suggestive identifications alone are not constitutional violations, rather it is the individual's right to a fair trial that is "impaired by the admission of testimony regarding the unreliable identification."  Wray v. City of New York, 490 F.3d 189, 193 (2d Cir. 2007).  Not only has Plaintiff failed to specify how the identification procedures were shams or suggestive, but even if he had pled such facts, the claim would fail.

Whereas here, Detective Freed relied upon the identification of Plaintiff in a photo array, and three subsequent positive identifications in lineups, Detective Freed had probable cause

to arrest the Plaintiff, and the false arrest claims against him should be dismissed.  In addition, defendants Seminara, Ortlieb, and Henderson, had zero involvement.  They were, unfortunately, the victims of serious crime.  They acted like, and were treated like, victims.  They only identified the plaintiff.  They did not make the determination to arrest him.  Therefore, the claims for false arrest should be dismissed for lack of personal involvement.

It is well established that personal involvement in an alleged constitutional deprivation must be alleged for § 1983 liability to lie against an individual defendant.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (failure to plead the personal involvement of a government official renders a complaint "fatally defective on its face").  It is well established that Section 1983 imposes liability only upon a defendant who personally subjects, or causes to be subjected any person to the deprivation of any federal right.  Accordingly, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) (citation omitted); Doyle v. Coombe, No. 97-2680, 1998 U.S. App. LEXIS 20261, at *3 (2d Cir. June 12, 1998); Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997).

To prevail on a § 1983 false arrest claim against a particular defendant, plaintiff must demonstrate that the defendant was personally involved in the alleged constitutional deprivations. Farid, 593 F.3d at 249 ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); Williams v. Young, 769 F. Supp. 2d 594, 602-03 (S.D.N.Y. 2011) (noting that the plaintiff did not have a false arrest claim because the defendant was not alleged to have participated in the plaintiff's arrest).  The Second Circuit has defined "personal involvement" to mean direct participation, such as "personal participation by one

who has knowledge of the facts that rendered the conduct illegal," or indirect participation, such as "ordering or helping others to do the unlawful acts." Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001) (citing Gaston v. Coughlin, 249 F.3d 156, 165-66 (2d Cir. 2001). Plaintiff has established no facts to show that Seminara, Henderson, or Ortlieb were personally involved in his arrest or prosecution, aside from being the victim of crime, or that, if there was a constitutional violation, that they were personally responsible. Accordingly, there can be no personal liability on the part of Seminara, Henderson, or Ortlieb, and the claims against them should be dismissed.

Based on the foregoing, defendants are entitled to summary judgment on plaintiff's false arrest claims.

## POINT II

### DEFENDANTS SHOULD BE GRANTED SUMMARY JUDGMENT ON PLAINTIFF'S FEDERAL AND STATE MALICIOUS PROSECUTION CLAIMS

Defendants should be granted summary judgment on plaintiff's claims for malicious prosecution. To establish a claim of malicious prosecution under federal or state law, a plaintiff must establish that: "(1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted with actual malice." Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991) (citations omitted). For claims arising under 42 U.S.C. §1983, a plaintiff must also establish a deprivation of liberty consistent with the concept of seizure. Cunningham v. City of New York, 2007 U.S. Dist. LEXIS 69801, at *12 (S.D.N.Y. Sept. 18. 2007) (citing Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d. Cir. 1995)). A plaintiff must satisfy all elements of this claim in order to survive a motion for summary judgment. However, plaintiff has not proffered the requisite evidence to establish his malicious prosecution claims.

A.   Defendant Freed Did Not Initiate or Continue a Criminal Proceeding Against Plaintiff.

Plaintiff's malicious prosecution claims against Freed fail because defendant Freed did not initiate or continue plaintiff's underlying criminal prosecution.  It is undisputed that the criminal prosecution against the Plaintiff began once he was positively identified by the victims, Joseph Seminara, Robert Ortlieb, and Robert Henderson.  The Second Circuit has held that initiation in the context of a malicious prosecution claim is "a term of art" involving more than merely reporting a crime and giving testimony.  Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000).  To prevail, the plaintiff must show that the defendant "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act."  Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. N.Y. 2010) (citing to Rohman, 215 F.3d at 217).  Indeed, when the police are accused of misconduct, "a malicious-prosecution claim cannot stand if the decision made by the prosecutor to bring criminal charges was independent of any pressure exerted by [the] police."  Alcantara v. City of New York, 646 F. Supp. 2d 449, 457 (S.D.N.Y. 2009) (citing cases); Smith v. City of New York, 04 Civ. 3286 (TPG), 2010 U.S. Dist. LEXIS 88774 (S.D.N.Y. Aug. 27, 2010).

"New York law imposes a presumption that a prosecutor exercises his own independent judgment in deciding to prosecute a criminal defendant."  Guzman v. United States, 2013 U.S. Dist. LEXIS 131684, at *19 (S.D.N.Y. Feb. 14, 2013) (citation omitted).  "[A] malicious-prosecution claim cannot stand if the decision made by the prosecutor to bring criminal charges was independent of any pressure exerted by [the] police."  Alcantara, 646 F. Supp. 2d at 457 (citations omitted).  Further, "once a criminal defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution."  Smith

11

v. City of New York, 2010 U.S. Dist. LEXIS 88774, at *22 (S.D.N.Y. Aug. 27, 2010) (citing Alcantara, 646 F. Supp. 2d at 459).

Plaintiff has not proffered any evidence to overcome the presumption that the Brooklyn District Attorney's Office, and Assistant District Attorney Lewis Lieberman, exercised independent judgment in deciding to prosecute him. Even if ADA Lieberman had known about the alleged coercion, he still would have proceeded based on the lineup identifications. (See 56.1 ¶¶ 59-62.) Further, there is no evidence that defendant Freed played any significant role in the initiation and continuation of the prosecution of plaintiff's criminal case, other than investigating plaintiff's alibi. As such, plaintiff has failed to show not only that defendant Freed commenced or continued his criminal prosecution, but also that there was actual malice on the part of any of the defendants in the institution of his criminal proceeding. As such, plaintiff cannot satisfy the initiation or actual malice elements of his malicious prosecution claim.

B.    There was Probable Cause for the Criminal Prosecution Against Plaintiff.

Plaintiff's malicious prosecution claim fails because there was probable cause for the prosecution. Probable cause is a complete defense to an action for malicious prosecution in New York. Dickerson v. Napolitano, 604 F.3d 732, 751 (2d Cir. 2010). The existence or lack of probable cause is measured at the time of the commencement of the judicial proceeding, i.e. at the time of plaintiff's arraignment. Mejia v. City of New York, 119 F. Supp. 2d 232 (E.D.N.Y. 2000). The general rule is that "[p]robable cause to arrest is sufficient for probable cause to prosecute unless facts come to light between the arrest and arraignment that vitiate the probable cause." Obilo v. City Univ. of N.Y, 01-cv-5118 (DGT), 2003 U.S. Dist. LEXIS 2886, at *34 (E.D.N.Y. February 28, 2003); Dukes v. City of New York, 879 F. Supp. 335, 342 (S.D.N.Y. 1995). While probable cause to arrest an individual can dissipate by the time criminal proceedings are commenced such to breathe new life into a malicious prosecution claim, probable cause dissipates only where "the

groundless nature of the charge [is] made apparent by the discovery of some intervening fact." Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996).

Plaintiff bears the burden of showing there was no probable cause for the criminal charge. Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004). Courts have found that police have probable cause to arrest if they receive "information from some person, normally the putative victim or eyewitness." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (quoting Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000); McLaurin v. New Rochelle Police Officers, 379 F. Supp. 2d 475 (S.D.N.Y. 2005). "Indeed, as sources of information go, crime victims are among the most reliable; they usually can provide a first-hand non-hearsay account of the criminal activity." Campbell v. Giuliani, No. 99 Civ. 2603 (JG), 2001 U.S. Dist. LEXIS 609, at *9 (E.D.N.Y. Jan. 24, 2001) (citing Miloslavsky v. AES Eng'g Soc'y, Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992) ("The veracity of citizen complainants who are the victims of the very crime they report to the police is assumed")); see also, Crawford v. City of New York, 2012 U.S. App. LEXIS 8444 (2d Cir. 2012) (affirming grant of Summary Judgment for defendants where two complaining witnesses claimed that plaintiff molested them notwithstanding plaintiff's arguments that the complaining witnesses' allegations were inconsistent and that officers failed to investigate his alibi and failed to review ACS file).

As set forth, *supra*, on September 6, 2010, there was probable cause to arrest plaintiff for the attempted murder of Seminara, Ortlieb, and Henderson. Plaintiff has proffered no evidence that probable cause dissipated at the commencement, or during the pendency, of his criminal prosecution. Accordingly, plaintiff cannot satisfy the third prong of the malicious prosecution test and defendants should be granted summary judgment on plaintiff's malicious prosecution claim.

13

Further, an "indictment by a grand jury creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003) (quoting Colon v. New York, 468 N.Y.S.2d 453, 456 (1983)) (emphasis in original); see also McClellan v. Smith, 439 F.3d 137, 145 (2d Cir. 2006) (indictment "gives rise to a presumption that probable cause exists [for] the crimes described" in the indictment). This "rule is founded upon the premise that the Grand Jury acts judicially and it may be presumed that it has acted regularly." Colon v. New York, 468 N.Y.S.2d 453, 455 (1983). Plaintiff bears the burden of proof in rebutting the presumption of probable cause. Savino, 331 F.3d at 73 (citing Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994)). Plaintiff's burden may not be met by offering "mere 'conjecture' and 'surmise' that [an] indictment was procured as a result of conduct undertaken by the defendants in bad faith." Savino, 331 F.3d at 73 (quoting Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991)). Even if an indictment is later dismissed for insufficient evidence, the presumption of probable cause created by the indictment still stands. Selinger v. City of New York, No. 08 Civ. 2096 (RMB), 2010 U.S. Dist. LEXIS 119700, at *10-14 (S.D.N.Y. Nov. 5, 2010), aff'd, No. 10-4955-cv, 2011 U.S. App. LEXIS 25736 (2d Cir. Dec. 23, 2011). Where a plaintiff was indicted by a grand jury, probable cause for his prosecution is presumed to have existed. McClellan v. Smith, 439 F.3d 137, 145 (2d Cir. 2006); Green v. Montgomery, 219 F.3d 52, 60 (2d Cir. 2000). In order to overcome this presumption, plaintiff must show that "the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith," which plaintiff has failed to do. Green, 219 F.3d at 60 (quoting Colon v. City of New York, 60 N.Y.2d 78, 82 (1983)).

Plaintiff has failed to meet the burden of proof in rebutting the presumption of probable cause. Plaintiff has proffered no evidence sufficient to overcome the presumption that the

14

Grand Jury acted judiciously.  Over the course of this litigation, plaintiff has adduced no evidence that would show that the indictment was procured by fraud, perjury, suppression of evidence, or any police conduct taken in bad faith.  As such, plaintiff has failed to rebut the presumption of probable cause, and summary judgment must be granted to defendants.

C.   Plaintiff Cannot Show That Defendants Acted with Actual Malice

Plaintiff's malicious prosecution claim also fails because Plaintiff cannot show any evidence of actual malice on the part of defendants.  New York law requires plaintiff to establish that the defendants commenced the criminal proceeding due to a wrong or improper motive, such as something other than a desire to see the ends of justice served.  Rounseville v. Zahl, 13 F.3d 625, 631 (2d Cir. 1994).  Only where probable cause to initiate a proceeding is "so totally lacking" may malice reasonably be inferred.  Sulkowska v. City of New York, 129 F. Supp. 2d 274, 295 (S.D.N.Y. 2001) (quoting Martin v. City of Albany, 42 N.Y.2d 13, 17 (1977)).

In this case, there is no evidence that Defendant Freed initiated or continued the prosecution of Plaintiff at all, or that any of the defendants acted with actual malice, as Plaintiff has provided no evidence that probable cause was "so totally lacking."  Since plaintiff's arrest was based on complaints by three victims, Joseph Seminara, Robert Henderson, and Robert Ortlieb, that they were shot at by the Plaintiff, there was probable cause for the arrest of Plaintiff and so malice cannot be inferred. Because there is nothing in the record to suggest that Defendants acted with malice, Plaintiff's claim of malicious prosecution must fail.

D.   Plaintiff's Claims With Regard to Defendants Grand Jury Testimony Fail As A Matter of Law.

To the extent that plaintiff seeks to bring a malicious prosecution claim based on his conclusory challenge to defendants Freed, Seminara, or Ortlieb's statements before the grand jury, such a claim will also fail.  Under the U.S. Supreme Court, Rehberg v. Paulk, a plaintiff cannot satisfy his burden to overcome the presumption of probable cause created by a Grand Jury

indictment by relying upon testimony made to a Grand Jury.  <u>Rehberg v. Paulk</u>, ___ U.S. ___, 132 S. Ct. 1497, 1505-10 (2012) (holding that witnesses who testify before a grand jury are immune from suit for having done so). ); <u>Coggins v. Buonora</u>, No. cv-13-4635, 2015 U.S. App. LEXIS 487 (2d Cir. Jan. 13, 2015) (holding that, post-<u>Rehberg</u>, a plaintiff cannot establish a § 1983 claim by relying on grand jury testimony); <u>Jovanovic v. City of New York</u>, No. 10-4398-cv, (2d Cir. June 20, 2012) (Summary Order) (finding police officer absolutely immune from claim of fabrication of evidence for testifying before the grand jury). As such, to the extent that plaintiff claims that defendants made false statements in their Grand Jury testimony, such allegations are barred under <u>Rehberg</u> and cannot be used to overcome the presumption of probable cause created by plaintiff's indictment. As such, plaintiff's malicious prosecution claim fails as a matter of law.

<u>**POINT III**</u>

**PLAINTIFF'S CLAIM FOR DENIAL OF THE RIGHT TO A FAIR TRIAL SHOULD BE <u>DISMISSED AGAINST ALL DEFENDANTS</u>**

Plaintiff alleges a denial of the right to a fair trial based upon the defendants conveying the false identification of Plaintiff as the perpetrator to the District Attorney's Office, conveying fabricated testimony that Plaintiff selected his position in the lineup, in addition to withholding the facts surrounding the defendants "inability to observe the shooter," withholding or misrepresenting the circumstances of the "tainted and otherwise sham identification procedures," withholding the identity of Trevor Perez from the ADA, and did not disclose the "coerced written statement by Trevor Perez."  (Compl. Exh. A ¶¶ 38, 49, 50, 51, 53, 54, 56.)  Plaintiff's claims are without legal basis and should be summarily dismissed.

To ultimately prevail on this cause of action, a plaintiff must prove that a defendant fabricated evidence that would be likely to influence a jury's decision, that he forwarded that evidence to prosecutors, and that the plaintiff suffered a deprivation of liberty as a result.  <u>Jovanovic</u>

16

v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012); Ricciuti v. N.Y.C. Transit Auth., 124

F.3d 123, 128 (2d Cir. 1997).  In order to find for plaintiff, you must find that the manufactured or

fabricated evidence was the proximate cause of the deprivation of plaintiff's liberty.  Id.  Plaintiff's

allegations are insufficient to state a claim for denial of the right to a fair trial.

Even if the statements made by officers Freed, Seminara, Ortlieb, and Henderson

were untrue, they are an insufficient predicate for Plaintiff's claim of denial of the right to a fair trial

because the alleged falsifications are testimonial.  As a matter of law, police officers, like other

witnesses, are immune from liability for giving false testimony in connection with criminal matters.

Rehberg v. Paulk, 132 S. Ct. 1497, 1505-07 (2012); Briscoe v. LaHue, 460 U.S. 325, 335 (1983);

Jovanovic, 486 Fed. Appx. at 152 (dismissing a fair trial claim where "the only avenue by which the

[allegedly false evidence] could reach the jury was through [the officer's] testimony, for which he

enjoys absolute immunity").  This rule applies with equal force to pre-trial testimony as to trial or

grand jury testimony.  Rehberg, 132 S. Ct. at 1507 (immunity extends to "preparatory activity, such

as a preliminary discussion in which the witness relates the substance of his intended testimony" to

the prosecutor); Brown v. City of New York, No. 14-CV-5372 (BMC), 2014 U.S. Dist. LEXIS

181736, at *9-10 (E.D.N.Y. Dec. 23, 2014) (a false statement in the arrest paperwork, the criminal

court complaint or told to a district attorney is not actionable because, as inadmissible hearsay, it

would never get before a jury in a criminal case); Jones v. City of New York, 2013 U.S. Dist.

LEXIS 162235, at *28-29 (E.D.N.Y. Nov. 14, 2013) (finding that "a false statement by [a police

officer] to an ADA…would amount to inadmissible hearsay" and therefore could not be "likely to

influence a jury's decision."  (quoting Ricciuti, 125 F.3d at 130 and citing Jocks v. Tavernier, 316

F.3d 128, 138 (2d Cir. 2003))), vacated on other grounds by 603 Fed. Appx. 13 (2d Cir. Mar. 4,

2015); Horvath v. City of New York, No. 12cv6005 (RJD) (JMA), 2015 U.S. Dist. LEXIS 51029, at

*17 (E.D.N.Y. Apr. 17, 2015); see also Fappiano v. City of New York, No. 01-cv-2476 (SLT), 2014

U.S. Dist. LEXIS 179584, at *66 (E.D.N.Y. Jan. 7, 2015).

   As the only evidence that defendants are alleged to have falsified are statements

regarding their ability to view the perpetrator, and the allegedly false identifications themselves of

Plaintiff, were statements made/conveyed to the ADA, plaintiff's hypothetical cause of action for

denial of the right to a fair trial must be dismissed as a matter of law.   The present case is

distinguishable from Ricciuti and Jocks, which dealt with a fabricated post-arrest confession of the

plaintiff that led to an additional deprivation of liberty beyond the arrest and prosecution for assault

in the first instance, and an allegedly fabricated written statement post arrest.

   The Plaintiff is attempting to do exactly what the Supreme Court said in Rehberg

should not be allowed: he is attempting to circumvent the rule of grand jury immunity by claiming

the wrong occurred when the officers conspired to present false testimony.  Rehberg, 132 S. Ct. at

1506 ("this rule may not be circumvented by claiming that a grand jury witness conspired to prevent

false testimony…").   This should not be allowed because at its core, Plaintiff's fabrication of

evidence claim is a "§ 1983 claim concerning the initiation or maintenance of the prosecution."  Id.

   To state a claim against an individual police officer, a plaintiff must show that "each

particular police officer has knowingly or with gross recklessness violated his rights – alleging a

collective violation is insufficient."  Brown v. City of New York, 2014 U.S. Dist. LEXIS 181736,

*11 (E.D.N.Y. Dec. 23, 2014).   "The manufacture of false evidence, in and of itself…does not

impair anyone's liberty, and therefore does not impair anyone's constitutional right."  Zahrey v.

Coffey, 221 F.3d 342, 348 (2d Cir. 2000).  Furthermore, "Court should be wary of attempts by

creative litigants who cannot meet the requirements of recognized common-law derived

constitutional torts like false arrest or malicious prosecution to create new rights with labels that

sound attractive but make little logical sense and have no common law antecedents."  Id. at 8.  As

Plaintiff fails to allege that the defendants did any more than convey false or fabricated statements to the prosecutor, there can be no claim for denial of the right to fair trial as against them for their testimonial evidence, and the claim should be dismissed.

### A.  Plaintiff has no claim under Brady

To the extent Plaintiff alleges a denial of the right to a fair trial based upon the withholding of evidence or information, his claim fails as a matter of law, since the information was not forwarded to prosecutors, and could therefore not be relied on by a jury.  In Brady v. Maryland, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  373 U.S. 83, 87 (1963).  In order to establish a *Brady* violation, the aggrieved party must show that the prosecution "suppressed" evidence "favorable to the accused, either because it is exculpatory, or because it is impeaching," and "prejudice" ensued.  Strickler v. Greene, 527 U.S. 263, 281-82 (1999).  While police officers, like prosecutors, have a constitutional duty to disclose exculpatory evidence, their *Brady* obligation extends only as far as the DA's Office.  Walker V. New York, 974 F.2d 293, 299 (2d Cir. 1992).

The majority view amongst the circuits is that when a Plaintiff is acquitted of the criminal charges against him, it "negates any violation of his Brady rights and extinguishes any Section 1983 due process claim that might arise from Defendants' alleged suppression of exculpatory evidence."  Ambrose v. City of New York, et al., 623 F. Supp. 2d 454, 471 (S.D.N.Y. Mar. 31, 2009); see also Pizarro v. City of New York, et al., 2015 U.S. Dist. LEXIS 131471, *21-22 (E.D.N.Y. Sept. 29, 2015).  The fact that it could be argued that the suppression of Brady material could "prevent a defendant from securing an earlier favorable termination of his or her case is not considered as a potential source of 'prejudice' within the meaning of the Brady rule."  Id. at 472.

19

Additionally, this Circuit has found that Brady does not "mandate disclosure of evidence any earlier than the point in time at which the criminal defendant needs access to the evidence so that he or she may effectively use it at a proceeding that determines guilt." Id. at 469.  Accordingly, since the claims against plaintiff were dismissed, he can have no claim under Brady.

## POINT IV

### PLAINTIFF CANNOT ESTABLISH A FAILURE TO INTERVENE CLAIM AGAINST ANY INDIVIDUAL DEFENDANT

Plaintiff alleges that the defendants failed to intervene on his behalf.  (Compl. Ex. A ¶¶ 79-83.)  As a threshold matter, plaintiff cannot state a claim for failure to intervene because he has failed to establish a violation of his constitutional rights.  Glassman v. City of New York, No. 10 Civ. 2468 (SHS), 2013 U.S. Dist. LEXIS 1170 at *22 (S.D.N.Y. Jan. 3, 2013 ("Where the arresting and prosecuting officers committed no constitutional violation, a claim for failure to intervene will not lie.")  Moreover, even to the extent that plaintiff could establish that defendants should be deemed liable for false arrest, because they are entitled to qualified immunity, his failure to intervene claim cannot stand.  Rodriguez v. City of New York, No. 08-CV-04173 (RRM) (RLM), 2012 U.S. Dist. LEXIS 43005 at *38 (E.D.N.Y. Mar. 28, 2012) ("police officers are immune from suit for failure to intervene if the qualified immunity test is met.").  Assuming, arguendo, that plaintiff had established a violation of his constitutional rights for which the defendants were not entitled to qualified immunity, there would still be no basis for imposing liability against the defendants for failure to intervene.

"[L]aw enforcement officials have an affirmative duty to intervene to protect against the infringement of constitutional rights from conduct committed by other officers in their presence." Curley v. Village of Suffern, 268 F. 3d 65, 70 (2d Cir. 2001).  If they fail to do so, "in order for liability to attach, they must have known that a constitutional violation was being

committed," <u>Hewitt v. City of New York</u>, No. 2009-CV-0214 (RJD) (MDG), 2011 U.S. Dist. LEXIS 11479, 3-4 (E.D.N.Y. Feb. 7, 2011), and "there must have been a realistic opportunity to intervene to prevent harm from occurring." <u>Anderson v. Branen</u>, 17 F.3d 552, 557 (2d Cir. 1994).

It appears as if Plaintiff alleges that all of the defendants collectively, directly, violated his rights and somehow also failed to intervene.  The premise of Plaintiff's claim is unclear and unsound.  Such an argument is untenable, and the claim should be dismissed.

<u>POINT V</u>

<b><u>DEFENDANTS ARE ENTITLED TO <u>QUALIFIED<br>IMMUNITY</u></u></b>

If the Court finds that Seminara, Ortlieb, and Henderson should not be dismissed as defendants for lack of personal involvement, as they were the victims of the crime and nothing more, then all Defendants are entitled to qualified immunity from suit for the arrest and prosecution of plaintiff.  The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights."  <u>Bradway v. Gonzales</u>, 26 F.3d 313, 317-18 (2d Cir. 1994) (internal citations and quotations omitted); <u>Thomas v. Roach</u>, 165 F.3d 137, 142 (2d Cir. 1999).

Defendants should be granted qualified immunity with respect to plaintiff's false arrest and malicious prosecution claims.  A police officer is entitled to qualified immunity from a claim for arrest without probable cause if: (1) it was objectively reasonable for the officer to believe that probable cause existed; or (2) officers of reasonable competence could disagree on whether there was probable cause.  <u>Zellner v. Summerlin</u>, 494 F.3d 344, 369 (2d Cir. 2007) (citations omitted).  "An officer's actions are objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances." <u>Lennon v. Miller</u>, 66 F.3d

21

416, 420-21 (2d Cir. 1995). For qualified immunity purposes, in deciding whether an officer's conduct was "objectively reasonable," the Court must examine the information possessed by the officer at the time of the arrest, but "[courts] do not consider the subjective intent, motives, or beliefs" of the officer. Connecticut ex rel. Blumenthal v. Crotty, 346 F.3d 84, 106 (2d Cir. 2003).

In the instant matter, it is clear that defendant Freed is entitled to qualified immunity. Based on the information available to Freed at the time of the arrest, namely the identification of the Plaintiff as the perpetrator in a photo array, it was objectively reasonable for Freed to believe that there was probable cause to arrest plaintiff. Even if the Court were to conclude that probable cause was absent, there was still "arguable probable cause" to arrest plaintiff. See Zellner, 494 F.3d at 369. Accordingly, defendants are entitled to qualified immunity because their actions in arresting plaintiff were lawful and objectively reasonable.

## POINT VI

### PLAINTIFF'S CLAIMS AGAINST JOHN DOE 1 SHOULD BE DISMISSED

Plaintiff's claims against John Doe 1 officer should be dismissed and he should properly be removed from the caption of the complaint. Plaintiff filed this Second Amended Consolidated Complaint on July 21, 2015, after the close of discovery and over one dozen depositions. Plaintiff has failed to amend the complaint or attempt to add or substitute officers for the John Doe unidentified officer. Plaintiff should not be permitted to use the John Doe as a place holder for an individual they've been unable to identify. Accordingly, John Doe 1 officer should be dismissed from the complaint and removed from the caption.

# POINT VII

## PLAINTIFF'S STATE LAW CLAIMS SHOULD
## BE DISMISSED UNDER NEW YORK LAW

In addition to asserting state law claims that correspond to their federal claims, specifically false arrest and malicious prosecution, plaintiff alleges in conclusory fashion that defendants violated his rights under New York State law.  First, plaintiff attempts to present a state law theory of *respondeat superior* liability against defendant City, which requires plaintiff to establish that an individual defendant, acting within the scope of his or her employment, committed a culpable act.  Massey v. Starbucks Corp., No. 03 Civ. 7279 (SAS), 2004 U.S. Dist. LEXIS 12993, at *24 (S.D.N.Y. July 12, 2004).  Because plaintiff has failed to establish culpable conduct by defendants, this claim necessarily fails.

Even if Plaintiff could establish a state law claim against defendants relating to his detention and arrest, defendants are entitled to governmental immunity.  "'[W]hen official action [of a police officer] involves the exercise of discretion of expert judgment in policy matters, and is not exclusively ministerial, [he] generally is not answerable in damages for the injurious consequences of that action.'"  Cerbelli v. City of New York, 2008 U.S. Dist. LEXIS 109341, at *76-77 (E.D.N.Y. Sept. 8, 2008) (citing Mon v. City of New York, 574 N.Y.S.2d 529 (N.Y. 1991) (brackets in original)).  If a plaintiff's claims relate to an officer's exercise of discretion, then "governmental immunity applies unless the court also finds that the exercise of discretion was unreasonable." Id. at 77.  In this case, in exercising their discretion, the individual defendants acted reasonably and, as such, are protected by governmental immunity.  Kijak v. Columbia Presbyterian Hosp., No. 11 Civ. 6076 (NRB), 2013 U.S. Dist. LEXIS 134965, at *21 (S.D.N.Y. Sept. 20, 2013) ("A public employee's discretionary acts, comprising 'conduct involving the exercise of reasoned judgment,' may not result in liability for the municipality.") (citing Lauer v. City of New York, 711 N.Y.S.2d 112 (2000)).

23

Plaintiff brings a further claim for battery.  Under New York Law, a "'battery' is an intentional wrongful physical contact with another person without consent."  <u>Girden v. Sandals Int'l</u>, 262 F.3d 195, 203 (2d Cir. 2001).  Plaintiff pled no specific allegations against the defendants to support this claim.  Accordingly, it should be dismissed.

To the extent Plaintiff's state law claims are not dismissed for the reasons advanced herein, because defendants are entitled to summary judgment on all plaintiffs' federal causes of action, the Court should decline to exercise its supplemental jurisdiction over plaintiffs' state law claims.  <u>See</u> <u>Astra Media Group, LLC v. Clear Channel Taxi Media, LLC</u>, 414 F. App'x 334, 337 (2d Cir. 2011) ("where all federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendant state law claims").  <u>See</u>, <u>e.g.</u>, <u>Pitchell v. Callan</u>, 13 F.3d 545, 549 (2d Cir. 1994) ("it is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims prior to trial").

Based on the foregoing, plaintiff cannot maintain his state law causes of action, and therefore, these claims should be dismissed and defendants granted summary judgment.

## CONCLUSION

For the foregoing reasons, defendants City of New York, Devon Freed, Joseph Seminara, Robert Henderson, and Robert Ortlieb, respectfully request that the Court grant their motion for summary judgment in its entirety, together with costs, fees and such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             November 6, 2015

                                    ZACHARY W. CARTER
                                       Corporation Counsel of the City of New York
                                    *Attorney for Defendants City of New York, Devon*
                                    *Freed, Joseph Seminara, Robert Henderson, and*
                                    *Robert Ortlieb*
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-2650

                                    By:    _/s/_____
                                           Kimberly M. Joyce
                                           Senior Counsel
                                           Special Federal Litigation Division

To:     Brett Klein (by email, and hand delivery)

25